UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **QUINNDERICK THOMAS** | **CIVIL ACTION NO. 2:12-cv-2019** |
| **LA. DOC # 320789** | **SECTION P** |
| **VERSUS** | **JUDGE MINALDI** |
| **CARRIE WILLIS, ET AL** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Quinnderick Thomas ("Thomas"), proceeding *in forma pauperis*, filed the instant civil rights complaint on July 26, 2012. Doc. 1. At the time Thomas filed this complaint he was an inmate in the custody of the Louisiana Department of Public Safety and Corrections, and was incarcerated at Allen Correctional Center ("ALC") in Kinder, Louisiana.

### I. BACKGROUND

On April 9, 2013, this court filed a service order instructing Thomas to complete and return the required service forms. Doc. 8. The documents were mailed to Thomas at the last address he supplied the court. *Id.* On April 12 and 16, 2013, the court received documentation returning the order sent to Thomas. Docs. 9 & 10. The returns both indicated that Thomas had been "moved from ALC." *Id.*

### II. LAW & ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with . . . a court order . . . ." Fed. R. Civ. P. 41(b). The district court has the inherent authority to dismiss an action under Rule 41(b) *sua sponte*, without motion by a defendant. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 628–632 (1962). "The power to

invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629.

Further, Local Rule 41.3 provides in part, "[t]he failure of . . . a pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." LR 41.3.  More than 30 days has elapsed since the court's correspondence was returned.

### III. RECOMMENDATION

Considering the foregoing:

**IT IS RECOMMENDED** that Thomas's civil rights complaint be **DISMISSED** in accordance with the provisions of Rule 41(b) and LR 41.3.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within 14 days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996),** *superseded by statute on other grounds,* **28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).**

THUS DONE this 30th day of September, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE